Good morning. Shereen Charlotte, Federal Defender of San Diego on behalf of the Appellant, Mr. Jose Luis Garcia. In this case, the District Court erred when it applied the 16-level increase for the prior conviction where there was evidence that the prior conviction had been appealed, where California Department of Justice records indicated that the prior conviction had been set aside, reduced, or dismissed. MS. GARCIA Counsel, I have to ask you about that exhibit because I don't read it the same way that you do. And in particular, I'm looking at Exhibit 1, the sheet from the Department of Justice that everybody's fighting over, what the little marks mean. And the thing that seems significant to me is that in the area F where it says subsequent action, there's no date. Everything else that actually occurred has a date in the area where there's supposed to be a date, for example, up above date filed. And here, the absence of a date suggests to me, at least, that all these other stray marks, whatever they are, are just stray marks. And the other thing that's significant to me is that there are, in areas D and E, there are areas to check off something that occurs because of an appeal. And again, there's nothing in there. So why, in view of those factors, why do you believe that this shows that there was some reversal on appeal when the actual court records don't show that? Well, Your Honor, I do not believe that the absence of a date is dispositive of any fact. The government certainly would have been the entity to explain the absence of a date in light of these markings. The government could have brought in a witness to explain that these were simply stray markings, what these codes meant in subsequent action, for example, this 06361. The government never brought in any witness. The government itself admitted at Excerpt of Record, page 114, that this document, Excerpt of Record 56 that Your Honor is referring to, records some other actions taken regarding the conviction. That was this government prosecutor in front of the district court. Second, the district court herself found that there was a reasonable suggestion, and those are her words, that the conviction was reduced or dismissed, whatever that means. And that's at Excerpt of Record, page 116. Well, that was amusing. I mean, basically. I don't believe so, Your Honor. I mean, the district court stated a reasonable suggestion. The district court didn't say that it was fanciful or speculative in any way. Well, nobody has any idea what the marks mean, basically. I mean — Well, it's certainly not Mr. Garcia's — Well, to the extent there are marks at all. I mean, I'm not so sure of what it doesn't look to me as if somebody made a mark and thought it was wrong and took it off. Well, Your Honor, then it would be the government who could have brought someone in. This is the — Ms. Chay, let me ask you about that, if I may, please. Because it — I find this all sort of an Alice in Wonderland venture. The one person in the world who knows for sure and for certain whether an appeal was pursued is the defendant. So I don't get why the defendant didn't shout from the rooftops, look, this conviction was appealed and it was reversed on appeal. I never had to serve the time — or it came down after I served the time or whatever. Two reasons. First of all, first and foremost, the Supreme Court in Mitchell v. United States says that the defendant doesn't have to shout or say a word or do anything at sentencing because they have the right to silence in this case. Well, you know what? I understand. I understand that, but I'm talking as a practical matter. This is very different from a guilt phase, where you can easily sit back and afford to sit back and let the government bear its burden of proof. Here, the government has put on evidence of a conviction, and nobody challenges that. They put on evidence of a three-year sentence that was served, and no one challenges that. So the only issue comes up by the defendant trying to impeach that evidence. And the best impeachment of that evidence is the defendant himself wouldn't at all incriminate him. There is no risk, no danger, nothing to lose by the defendant saying, sure, I filed the notice of appeal and it was pursued and my conviction was reversed. Well, I still maintain that under Mitchell and under Mesa v. Jesus, he absolutely does not have to do that. The government has to demonstrate by doing that. I didn't say he had to. I'm saying I don't get why, as a practical matter, a defendant facing an extra term in prison would have any compunction at all about saying, my conviction was reversed. That's in his favor. Second, as a practical matter, and as a longtime defense counsel, I have to tell the court that many of our clients do not understand any of the legal niceties of what happened to them. This is something back in 1978. Here we were in 2003. And as a practical matter, many of them... Did he have a lawyer in that earlier case who could have been contacted for that information? I'm assuming that he did have a lawyer, since this was a matter that went to trial. So I suppose that the government could have contacted his attorney because they have a clear convincing evidence has to mean something. And the appellate process... Well, the court documents, the actual court documents don't show anything about a possible reversal on appeal. It's only this internal document that means nobody knows why. Well, actually, the judicially noticeable document proffered by the government does show that a notice of appeal was filed. That's right, but it doesn't suggest that it was reversed on appeal or pursued. Well, I did have a conversation with, as it's in Excerpt of Record, page 117 and 118, with the superior court, who indicated that an appeal was filed. They don't know what happened to it. So it could not have been pursued. It could have just been dropped. It certainly could have, but it could have been reversed on appeal. And the fact that this document... Without any records of it existing anywhere. I'm not saying that there aren't any. The government didn't bring them in, and they admit that they didn't look for them at Excerpt of Record, page 118 and 119. And this isn't just a preponderance of the evidence. This isn't something that we say, oh, we're just going to assume that this, where there was a notice of conviction in the 1326 arena, are not, they're usually guilty pleas. And this is a trial. Thus, there would be a greater probability that there could have been a reversal, and it would not have been difficult for the government to make that inquiry. They admit that they didn't do it. What is the extent of their burden of proof? How would you describe it? Beyond a reasonable doubt? Clear and convincing evidence, according to Bonilla-Montenegro. And what, when we think in percentage terms, we think of, you know, beyond a reasonable doubt, 99.9 percent, preponderance 51, where would you put clear and convincing? I generally don't like to quantify these things. I think it would be greater than 85 percent. But I point the Court to... Well, I guess my question, then, is what is the likelihood, what is the actual real-world likelihood of an appeal resulting in a reversal if we knew nothing else about the case? Well, in the California Court of Appeals, I couldn't tell this Court. I think that it would be higher than the probability in this Court, though in the Ninth Circuit there's a... I don't know. Ever since I've been in practice in California, the reversal rate's been about 5 or 6 percent. But I don't think, though, that the clear and convincing standard in this Court's decisions in Jordan and Meza de Jesus and Bonilla-Montenegro tell us to speculate and say, well, a notice of appeal was filed. We're going to say that the chances are so slim that it was reversed. We're supposed to have evidence presented. Well, wouldn't you? Isn't there a likelihood, a very, very great likelihood that if a conviction were reversed, the court, the superior court's records relating to that case and that conviction would somewhere say that in great big letters this was reversed? And it doesn't say that. But the superior court's position was that it's so old they don't know what happened to these matters. Probation said because of the age of the offense, we don't have any records. The California Court of Appeal would probably be the more likely place, and the prosecution never looked there. And they certainly... I don't think they keep records that long either. I don't know about that, Your Honor. I would submit that there are records that are, that are date back to then, but I don't have any basis for that. I just would imagine they didn't, don't destroy these things. They somehow microfilm them or do something with them of that nature. But the district court itself actually found there was a reasonable suggestion the conviction was reduced. The government admitted some other actions were recorded. And the district court found there was a check through that box. It doesn't meet the clear and convincing standard for the government to simply not look any further and for his sentence to be increased by 16 levels based on this. Okay. Thank you. Mr. Gutierrez. Good morning. Orlando Gutierrez on behalf of the United States from the Southern California. May it please the Court. Your Honors, if I may start out by saying I do have the original exhibits that the district court looked at. They are in essence the same. However, I believe you have a copy of a copy of a copy. And if you think it would make an all difference, I do have Exhibit 3, 1, and 2 as marked before the district court if there is a desire to see them. Yes. Would you get those? Those are the actual bundles that were marked. And they do have the original marking sticker on them. Your Honor, as it may start out, there is no evidence before this Court and on the record that an appeal was ever actually perfected. There is evidence of a notice of appeal which is routinely filed in State court and that exists on the minute order that was created on the day of sentencing. If I understand, in effect, the heart of the legal part of the challenge argument, it is that once a notice of appeal is filed in a case involving a prior, the government has the burden then of showing that the appeal did not result in a reversal. What is your response to that argument? Your Honor, in preparation for the sentencing, we had a number of documents at our disposal. We had documents from the Defendant's A file which should go back to 1978 and is the basis for Government's Exhibit 3, the government's documents that we relied on. We had information in the PSR and we also had information requested by probation and the government from San Bernardino Court. In all that information, there was not one mention of an appeal being successful. In fact, as noted by the District Court, when you look at the time that he was sentenced and discharged based on the documents that were contained in Government's Exhibit 1, pages 9, 10, and 11, it shows that he was discharged consistent with a sentence of three years. So to the government, not having had any pleadings or any notice or any idea that this would be the central issue focused on by the defendant at sentencing, relied on the fact that there was no evidence of an appeal at all in the rap sheets or any of the documents that we consulted and it wasn't until, well, we believed or the government believed that the notice was just that. It was a notice and there was no evidence of a perfected appeal. The government did not see and still does not see, notwithstanding on pages 114, 115, 116, and 118 of the record, we do not agree that there's any marking on that document and on pages 116, 117, and 122, neither did the District Court. So there was no idea that any kind of appeal or this would be the central issue at the time of sentencing. I'm not sure I understood your answer to Judge Reimer's question, which was somewhat of an abstract question. If the state comes forward with information demonstrating a conviction, who then has to show whether that conviction was overturned? Is it the government that proves the absence of its being overturned or the defendant who comes? Does the burden shift at any time during that process? The position that we're taking, Your Honor, is that the government presented evidence. The state of the evidence was we had a conviction as evidenced by an abstract or judgment of minute order, a verdict form, and a charting document. And that burden was chosen to be rebutted by the appellant by introducing their own evidence of the fact that there was possibly an appeal. But it is our position that there was only a notice to appeal filed. And in every state case, especially from my understanding, those that have a prison commitment, a notice of appeal is routinely filed in the trial court. So that doesn't necessarily mean that an appeal is perfected. And therefore, if we were to require the government to do that in every single case, then every single case that resulted in a prison commitment would require the government to disprove that there was an appeal. And I think the situation that happened here is we did prove that there was a prior conviction, and they chose to rebut it. I don't think the government has that burden to disprove it. And as a matter of practicality, if there was any evidence of it, the government is obligated to present that to the court and council to make sure that somebody isn't wrongfully enhanced on a sentence that was, in fact, overturned on appeal. There is no evidence that this sentence was overturned on appeal in any of the documents that were submitted to the government or to the court. And as such, whereas there is a general question, we don't believe the government should bear that burden. But in a roundabout way, they do, because if there is evidence of an appeal, they wouldn't move forward on it. With regard to the unless there are further questions on this particular issue, I can move on to the two remaining. Nothing else was argued, but do you want to hear anything? If I could take issue as to one. The government at page 117 did not concede anything that counsel attributed to the government conceding. As you can see on page 117, the comments, the government was saying that page 9 of Exhibit 1 represents something. Obviously, it's a document. But we never, and on pages 114, 115, 116, 118, we never concede that there is a marking there that admits to an overturning of this conviction. With regard to the second issue on appeal that went on. I don't think anything else was argued. So unless you feel a compelling desire to volunteer more thoughts. If there are no further questions, I'll be seated. Thank you.  Thank you. Ms. Shraddick. Very briefly, just to take Mr. Gutierrez's last point first. It's an excerpt of record page 114. He states, I will note for the record that page 9 of Exhibit 1 does indicate that there are some other actions that are possibly reported by this document. That's his concession in the district court. Additionally, in response to Your Honor's question very briefly, I know I'm out of time, the government should have to demonstrate what happened when there's a notice of appeal, and Mr. Gutierrez admitted in the district court that he never did this, never even looked. Thus, wouldn't have satisfied even what he today told this Court the government has to do. Thank you. Thank you, counsel. The matter just argued will be submitted. And next to your argument in the fly. Thank you. Good morning, Your Honor. Stephen Lubliner for Appellate Administrative Bride.
judges: Browning, Rymer, Graber